IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 23, 2003 Session

## STATE OF TENNESSEE v. PAUL CHARLES CARNAHAN

**Direct Appeal from the Criminal Court for Morgan County**
**No. 8446     E. Eugene Eblen, Judge**

**No. E2003-00400-CCA-R3-CD**
**October 29, 2003**

The Defendant, Paul Charles Carnahan, was indicted by the Grand Jury of Morgan County for unlawfully, knowingly, and intentionally failing to provide support for a minor child pursuant to Tennessee Code Annotated section 39-15-101. After the Defendant waived his right to a jury trial, the trial judge found him guilty of the Class E felony "Flagrant Nonsupport" and sentenced the Defendant to one year imprisonment and six years of probation. Further, the court ordered that the Defendant pay $64,041.19 in restitution. The Defendant now appeals that order contending: (1) that the evidence was insufficient to sustain his conviction; and (2) that the indictment contained a fatal flaw. Finding reversible error in the judgment of the trial court below, we reverse the Defendant's conviction and dismiss the indictment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Andrew N. Hall, Wartburg, Tennessee, for the appellant, Paul Charles Carnahan.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Brent C. Cherry, Assistant Attorney General; Scott McCluen, District Attorney General; and Roger Delp, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

In May of 1997, the Defendant was indicted by the Morgan County Grand Jury for flagrant nonsupport of a Minor Child pursuant to Tennessee Code Annotated section 39-15-101 (1997). The Defendant waived his right to a trial by jury on this charge and entered a plea of not guilty. At trial, Claudia Ann Owens testified that she was married to the Defendant from June of 1979 until October

of 1982. She testified that the two were married in Florida[1] and had one child, who was born in October of 1979. After the birth of their child, the couple moved from Florida to Morgan County, Tennessee. Owens testified that she filed a divorce petition in Morgan County and that, as part of the divorce decree, the Defendant was ordered to pay child support. Owens stated that the Defendant was present at the hearing on the divorce and was present when the trial judge ordered him to pay child support.

Owens testified that, after the divorce was final, the Defendant immediately moved to Florida. She stated that the Defendant paid her $100.00 per month, as ordered, for one year following the divorce decree. As part of the decree, Owens was required to return some possessions to the Defendant, which she did. She testified that after she returned the possessions to the Defendant, he no longer paid child support. Owens testified that she attempted to contact the Defendant in Florida in an effort to obtain the child support. She explained that when her efforts failed, she contacted her attorney and the court, and the matter was scheduled to be heard in August of 1996. Owens testified that the Defendant failed to appear at the hearing, and she obtained a default judgment against the Defendant for the unpaid child support.

Owens testified that the only contact that she had with the Defendant since the divorce occurred in 1983 when their son was run over by a pickup truck. She testified that the Defendant called to express concern but never visited their son. Owens testified that she did have contact with the Defendant's stepfather through the years and that she believed that the Defendant's stepfather informed him that his son was hit by a truck.

Owens testified that she sought the assistance of the Morgan County District Attorney's Office in order to try to enforce this child support order in Florida but was unsuccessful. Owens testified that the Defendant has never informed her of any reason that he was unable to pay child support.

Angela Anderson testified at the hearing as the Clerk and Master for Morgan County. She testified that there was a complaint for divorce filed in this case on February 12, 1982, and a hearing held on that complaint on March 29, 1982. The final divorce decree was entered November 3, 1982. The records indicated that both parties were present in court upon the entering of the decree. Anderson testified that on January 18, 1983, an order was entered changing the child support from $25.00 per month to $50.00 per month. Anderson testified that there was a petition for contempt in 1996 and, thereafter, a default judgment against the Defendant that stated that the Defendant was served through personal service in Florida on June 25, 1996. The order granting the default judgment was entered on October 10, 1996, and awarded Owens $59,984.69 for unpaid child support.

---

[1] The couple was originally married in 1978 in Morgan County, Tennessee, but at the time of that marriage, the Defendant was also married to another woman. Therefore, after the Defendant obtained a divorce from his first wife, the couple was married again in Florida in 1979.

In May of 1997, the Defendant was indicted by the Morgan County Grand Jury for "Flagrant Nonsupport of a Minor Child." At the conclusion of the proof presented at the bench trial, the trial judge found the Defendant guilty of flagrant nonsupport.

At the sentencing hearing, the Defendant testified that he moved back to Florida because his mother and father lived there. He testified that he was unable to pay child support because he was disabled due to carpal tunnel, "spurs in [his] knees," disks deteriorating in his neck and back and that he suffered from Vietnam syndrome (post traumatic stress disorder). Further, the Defendant testified that he was taking 60 milligrams of Morphine per day and 300 milligrams of Tylenol, in addition to hormone "inflammatories."

At the conclusion of the sentencing hearing, the trial court sentenced the Defendant as a Range 1 standard offender with a split sentence, 21 days in jail, which he already served, and the balance of the sentence, six years and 244 days, on probation. The trial court ordered the Defendant to pay $64,041.19 in restitution. The Defendant now appeals his conviction alleging: (1) that the evidence presented at trial was insufficient to support his conviction of flagrant nonsupport; and (2) that the indictment contained a fatal flaw.

## II. Sufficiency of the Evidence

The Defendant contends that the evidence presented at trial was insufficient to support his conviction for flagrant nonsupport. When an accused challenges the sufficiency of the evidence, "the standard for review by an appellate court is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000) (quoting State v. Buggs, 995 S.W.2d 102, 105 (Tenn. 1999)); see Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 324 (1979). In determining the sufficiency of the evidence, this Court should not re-weigh or re-evaluate the evidence. Smith, 24 S.W.3d at 279. Nor may this Court substitute its inferences for those drawn by the trier of fact from the evidence. Buggs, 995 S.W.2d at 105. Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. Liakas v. State, 286 S.W.2d 856, 859 (Tenn. 1956). This Court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record, as well as all reasonable inferences which may be drawn from the evidence. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. Id.

In the case under submission, the Defendant was found guilty of an offense pursuant to Tennessee Code Annotated section 39-15-101 (1997). That code section states:

(a) A person commits the crime of nonsupport who fails to provide support which that person is able to provide and knows the person has a duty to provide to a minor

child or to a child or spouse who, because of physical or mental disability, is unable to be self-supporting.

        . . . .

(d) A person commits the offense of flagrant nonsupport who: (1) Leaves or remains without the state to avoid a legal duty of support; or (2) having been convicted one (1) or more times of nonsupport or flagrant nonsupport, is convicted of a subsequent offense under this section.

Tenn. Code Ann. § 39-15-101. Importantly, in order to maintain a conviction for flagrant non-support, the State must prove that the Defendant either left the state to avoid his legal duty of support or remained out of the state to avoid this legal duty. Even considering the evidence in the light most favorable to the prosecution and affording the State the strongest legitimate view of the evidence contained in the record, as well as all reasonable inferences, we cannot conclude that the evidence was sufficient to sustain the Defendant's conviction.

The testimony presented at the bench trial proved that the Defendant left the state after his divorce and moved in with his mother in Florida. While living in Florida, the Defendant paid child support for one year and, thereafter, ceased any further child support payments. It is clear that the proof is insufficient to establish that the Defendant left the state to avoid his obligation–he in fact continued paying his obligation after leaving the state. Therefore, we must determine whether the Defendant remained outside the state to avoid his child support obligation.

In deciding whether the Defendant remained outside the state to avoid his child support obligation, we find the record void of any evidence supporting this contention. The record does contain evidence that the Defendant has never returned to the state, even when his son was hospitalized, but there was no testimony that the Defendant told Owens, or anyone else, that his intention was to avoid his obligation to pay child support. To the contrary, the evidence proved that the Defendant had strong ties to Florida, the couple was married there, and the Defendant moved in with his family in Florida following his divorce from Owens. Absent any evidence that the Defendant remained outside the state for the purpose of avoiding his child support obligation, the conviction cannot stand.

The next issue we address is whether the evidence was sufficient to convict the Defendant of any lesser-included offenses of flagrant nonsupport. Neither this Court nor the Tennessee Supreme Court has ever addressed whether misdemeanor nonsupport is a lesser-included offense of flagrant nonsupport. We find, however, that we need not decide this issue because, to properly convict the Defendant of any lesser-included offense, all of the elements of the lesser-included offenses must have been proven by the State beyond a reasonable doubt. "A person commits the crime of nonsupport who fails to provide support which that person is able to provide and knows the person has a duty to provide to a minor child . . . who, because of physical or mental disability, is unable to be self-supporting . . . ." Tenn. Code Ann. § 39-15-101(a). This statute requires that the

-4-

State prove the following elements beyond a reasonable doubt: (1) that the defendant failed to provide support; (2) that the defendant is able to prove the support; and (3) that the defendant knows he or she has a duty to provide the support to a child who is unable to be self-supporting. Therefore, to properly convict the Defendant of the crime of nonsupport the State must prove that the Defendant had the ability to provide the support that he failed to provide. The only testimony presented at Defendant's trial regarding the Defendant's ability to pay was that of Owens, who testified that the Defendant has never informed her of any reason that he was unable to pay child support. We find that this testimony is insufficient to establish beyond a reasonable doubt that the Defendant had the ability to pay the support. Therefore, we find that the State did not prove all of the elements of the crime of nonsupport, and we conclude that sufficient evidence does not exist to support a conviction of misdemeanor nonsupport.

The Defendant additionally contends that the indictment, charging him with flagrant nonsupport, contains a fatal flaw. The indictment reads:

> Paul Charles Carnahan . . . did then and there, unlawfully[,] knowing, and intentionally fail to provide support for a minor child, for whom he had a duty to provide such support and was able to provide such support, and did leave or remain without the State of Tennessee **in** his avoiding such legal duty of support, in violation of T.C.A. Section 39-15-101, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Tennessee.

(Emphasis added). The Defendant contends that the indictment violates his Fifth and Sixth Amendment rights because it does not accurately charge the elements of the offense of flagrant nonsupport. Specifically, the Defendant states that the statute requires that he be without the state "to" avoid his legal duty of support rather than to be without the state "in" avoiding his legal duty of support, as stated in the indictment. The Defendant alleges that the substitution of the word "in" for "to" negates the necessary mens rea and lowers the burden for the State by requiring that it merely show that the Defendant was without the state while he had a duty to provide support.

Tennessee Code Annotated section 40-13-202 (1997) states:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . .

We have stated that the purpose of an indictment is threefold: "'First, it must inform the defendant of the precise charges. Second, it must enable the trial court upon conviction to enter an appropriate judgment and sentence; and, last, it must protect defendant against double jeopardy.'" State v. Clark, 2 S.W.3d 233, 235 (Tenn. Crim. App. 1998) (citing State v. Trusty, 919 S.W.2d 305, 309 (Tenn. 1996)).

Upon reviewing the language in the indictment and the transcript of the proceedings, we find that the indictment served the three aforementioned purposes. The indictment informed the Defendant of the charges, enabled the court to enter an appropriate judgment and sentence and protected the Defendant against double jeopardy. Notably, both parties clearly argued that the Defendant remained, or did not remain, outside the state "to"[2] avoid his obligation. Accordingly, this issue is without merit.

Accordingly, we REVERSE the Defendant's conviction and dismiss the indictment.

_____
ROBERT W. WEDEMEYER, JUDGE

---

[2]In closing arguments the Defendant's counsel stated "there's been no testimony . . . that [the Defendant] . . . remained outside the state *to* avoid [his child support obligation]." (Emphasis added). Similarly, in closing arguments the State articulated the elements of flagrant nonsupport "in flagrant nonsupport there are only three elements. That he left or remained outside the state . . . Two, that he remained outside the state *to* avoid his legal duty. And three, that he acted knowingly, intentionally or recklessly." (Emphasis added).